

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-26,838-04

### EX PARTE RAUL FERNANDO BARRON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-04-04074-CR IN THE 435TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

YEARY, J., filed a dissenting opinion.

### <u>DISSENTING OPINION</u>

A jury found Applicant guilty of violating a civil commitment order as a sexually violent predator. The jury then also found three previous offense enhancement allegations to be true: (1) that on September 13, 1994, Applicant had been convicted of indecency with a child; (2) that on August 15, 1984, Applicant had been convicted of indecency with a child; and (3) that on November 22, 1977, Applicant had been convicted of murder. In accord with its verdict and findings, on April 15th, 2014, the jury assessed Applicant's punishment at confinement for life in prison. Today the Court grants post-conviction habeas relief to Applicant on the ground that his conduct was retroactively decriminalized by the 84th Legislature in its Senate Bill 746.

Senate Bill 746 purported to retroactively decriminalize the offense for which Applicant was convicted in cases that had not yet resulted in a final conviction as of its effective date of June 17, 2015. Applicant's case was pending in the court of appeals on that effective date and was therefore not yet final.

I believe that, insofar as it purports to act on cases such as Applicant's, Senate Bill 746 was a Legislative usurpation of our Executive Department's exclusive pardon power in violation of Article II, Section 1, of the Texas Constitution. TEX. CONST. Art. II, § 1 ("The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."). I explained my thoughts on this matter at length in my dissenting opinion in *Vandyke v. State*, 538 S.W.3d 561, 583–96 (Tex. Crim. App. 2017) (Yeary, J., dissenting). For the reasons expressed here and in my opinion in *Vandyke*, I respectfully dissent.


FILED:       April 29, 2020
PUBLISH